ECO Engg., Inc. v Source Renewables, LLC (2025 NY Slip Op 00826)

ECO Engg., Inc. v Source Renewables, LLC

2025 NY Slip Op 00826

Decided on February 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 13, 2025

Before: Webber, J.P., Kennedy, Friedman, Mendez, Rodriguez, JJ. 

Index No. 654318/22 Appeal No. 3685 Case No. 2024-04422 

[*1]ECO Engineering, Inc., Plaintiff-Respondent,
v
Source Renewables, LLC, et al., Defendants-Appellants.

DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains (Harry J. Nicolay, Jr. of counsel), for appellants.
Norris McLaughlin, PA, New York (Melissa A. Pena of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered June 13, 2024, which granted plaintiff's motion for summary judgment on the issue of liability, unanimously affirmed, with costs.
Plaintiff made five commercial loans to defendant totaling $3.75 million, between October 2020 and November 2021. Each loan is memorialized by a note containing substantially identical terms. Defendant defaulted in payment and plaintiff commenced this action to enforce the notes. Plaintiff is entitled to summary judgment for breach of the promissory notes and related guarantees because it established that the parties entered into the contracts, that plaintiff is the holder of the loan documents, and that defendants defaulted on the payments. Defendants fail to raise a genuine issue of material fact in opposition. Nor are defendants able to prove their affirmative defense of usury because both the plain text of the notes at issue and plaintiff's conduct in billing only the non-usurious default rate post-maturity establishes that the notes are not usurious under the criminal usury statute, Penal Law § 190.40 (see Barbour v Knecht, 296 AD2d 218, 224 [1st Dept 2002]).
Even if the default rate was over 25%, it would not be usurious where, as here, it was applied only after maturity, and the borrower had the power to avoid paying the higher rate — for example, by timely paying the debt (see Eikenberry v Adirondack Spring Water Co., 65 NY2d 125, 129 [1985]; 72nd Ninth LLC v 753 Ninth Ave Realty LLC, 168 AD3d 597, 598 [1st Dept 2019]).
We have considered defendants' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 13, 2025